**Olga Maricela JEREZ–RUIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71241.**
**INS No. A72–776–409.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided Aug. 13, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,** District Judge.

**MEMORANDUM*****

Olga Maricela Jerez–Ruiz, a citizen of Guatemala, petitions for a review of the Board of Immigration Appeals' denial of her claim for asylum and for withholding of deportation. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815,

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). And the claimed persecution must be on account of one of the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See id.* at 962.

While Jerez did show persecution of close relatives, she did not show that it was on account of political opinion. *See Elias–Zacarias,* 502 U.S. at 482–83, 112 S.Ct. at 816; *Ochave v. INS,* 254 F.3d 859, 866 (9th Cir.2001); *Molina–Morales v. INS,* 237 .F.3d 1048, 1051–52 (9th Cir. 2001). Nor did she show that it was directed at her on account of her social group, or otherwise. *See Molina–Estrada v. INS,* 293 F.3d 1089, ——–——, 8425–26 (9th Cir.2002).

Petition DENIED.[1]

---

1. Because Jerez did not meet the eligibility requirements for asylum, she was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).